# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIANA VAZQUEZ, | ) |
| *Plaintiff,* | ) No. 17-cv-1019 |
| vs. | ) Judge Thomas M. Durkin |
| OMNI HOTELS MANAGEMENT CORPORATION, | ) |
| *Defendant.* | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Diana Vazquez brought this action against Omni Hotels Management Corporation after she tripped and fell on a raised paver on the sundeck terrace of the Omni Hotel in Chicago, Illinois. Omni has moved for summary judgment on two separate bases. For the following reasons, Omni's motion is granted.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Ball v. Kotter*, 723 F.3d 813, 821 (7th Cir. 2013). To defeat summary judgment, a nonmovant must produce more than "a mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013). Ultimately,

summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## BACKGROUND[1]

On June 18, 2015, Plaintiff was staying at the Omni Hotel in Chicago, Illinois with her family to attend the Blackhawks celebration parade. While at the hotel, Plaintiff went outside on the sundeck terrace patio. During the rare warm months in Chicago, guests like Plaintiff routinely access the sundeck terrace. R. 24-4 ¶ 6. As she was walking to meet her daughter, Plaintiff tripped and fell on a raised paver on the terrace. Plaintiff testified that the paver she tripped over "was not out of the slot. It was not noticeable." R. 24-2 at 82:18-19. She also noted that the portion of the paver that she tripped over was "uneven." *Id.* at 82:7-10. She estimated the height variance between the paver and the sundeck terrace surface to be less than 2 inches; or, more specifically, 1 ¼ inches to 1 ½ inches. *Id.* at 81:4-7; R. 24-3 at 9:3-11. Plaintiff's

---

[1] The Court reminds the parties of the importance of following local rules. Local Rule 56.1 requires a party seeking summary judgment to file a statement of material facts, submitted as short numbered paragraphs containing citations to admissible evidence. L.R. 56.1(a); *see also Ace Hardware Corp. v. Landen Hardware, LLC*, 883 F. Supp. 2d 739, 741 (N.D. Ill. 2012). Local Rule 56.1 also requires the opposing party to either admit or deny each paragraph and cite to its own supporting evidence. L.R. 56.1(b)(3)(A). In its motion for summary judgment, Omni included a section titled "Statement of Allegations and Undisputed Facts," which the Court will treat as its L.R. 56.1(a) statement. That section, consisting of seven statements, does not include a description of the parties or facts supporting venue and jurisdiction in this Court, as required by the rule. Plaintiff properly responded to Omni's statements, and properly filed her own statement of additional facts, but also failed to include the information required by the rule. Omni did not respond to Plaintiff's additional statements of fact, and as a result, Plaintiff's statements of undisputed fact are deemed admitted except as noted below. L.R. 56.1(b)(3)(C); *Ortega v. Chicago Pub. Sch. of the Bd. of Educ. of the City of Chicago*, 2015 WL 4036016, at *1 (N.D. Ill. June 30, 2015) (explaining the rule in detail and describing that any facts that a party improperly controverts are deemed admitted).

2

daughter testified that she saw one side of the paver lift as Plaintiff stepped on it, causing her to lose her balance and fall. R. 47 at 35:3-14.

Before the incident (and presumably afterwards as well), Omni employees inspected the sundeck terrace pavers during walk-throughs twice a week, every Tuesday and Thursday. R. 24-4 ¶ 5. The director of engineering at Omni stated that since he became director about a year before the incident, he had not received any reports or complaints about the pavers from employees during the walk-throughs or from hotel guests. *Id.* ¶ 7. According to the director, none of the routine inspections revealed any defect in the condition of the pavers prior to June 18, 2015. *Id.* ¶ 8. A search of the hotel's computerized record of work requests yielded no results for any maintenance issues involving the pavers. *Id.* ¶ 9. The director also reported that, other than routine maintenance, the pavers had not needed to be repaired or replaced during his tenure. *Id.*

One Omni employee testified that he had addressed a situation in which the pavers on the terrace at the hotel were uneven but did not recall specifically when he had done so. R. 43 at 35:7-16. He testified that any record of such an issue could only be in the hotel's computerized system, but he was not sure if a record existed. *Id.* at 35:17-36:4.

Following Plaintiff's fall, Omni employees observed the area beneath the paver, and the engineering department "took a look" at the tiles on the terrace. R. 42 at 38-39. No record was kept of any investigation or subsequent follow up. *Id.*

3

ANALYSIS

Plaintiff brings one count of negligence against Omni for the injuries she sustained from her fall. Plaintiff originally filed her suit in the Cook County Circuit Court and Omni removed the case to this Court on February 7, 2017. This Court has diversity jurisdiction over Plaintiff's negligence claim because Plaintiff is an Illinois citizen, while Omni is a citizen of Delaware and Texas. *See* R. 1 at 2. Plaintiff alleges Omni had a duty to maintain and discover defects on the premises so that customers of the hotel were not injured.

To prevail in a negligence action, Plaintiff must prove that Omni owed a duty, that Omni breached that duty, and that Plaintiff's injury proximately resulted from that breach. *Tzakis v. Dominick's Finer Foods, Inc.*, 826 N.E.2d 987, 992 (Ill. App. Ct. 2005). Omni brings its summary judgment motion on two separate bases. First, it argues it did not have a duty to Plaintiff based on a *de minimis* exception to repair minor defects. Second, it argues that even if it did have a duty to Plaintiff, it could not have breached that duty because it lacked knowledge of the defect. The Court will address both bases, but finds only the latter dispositive.

**A. The Duty of Care: the *De Minimis* Exception**

The existence of a duty generally is a question of law to be determined by the court. *Ralls v. Village of Glendale Heights*, 598 N.E.2d 337, 343 (Ill. App. Ct. 1992). The primary factors that a court considers in determining the existence of a duty include: "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the

consequences of placing that burden on the defendant." *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1057 (Ill. 2006). With respect to conditions of land, the operator of a business owes his invitees a duty to exercise reasonable care to maintain his premises in a reasonably safe condition for use by invitees. *Ward v. K Mart Corp.*, 554 N.E.2d 223, 227 (Ill. 1990). Building owners have a duty to correct dangerous conditions of which they know or reasonably should know. *Ohio Casualty Group v. Dietrich*, 285 F. Supp. 2d 1128, 1131 (N.D. Ill. 2003) (applying Illinois law); *Reid v. Kohl's Dept. Store, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008) (applying Illinois law). Omni claims that although it had a duty to invitees, the *de minimis* rule exempts it from fixing minor defects.

The *de minimis* rule originated in cases involving municipalities, where courts noted that "[m]unicipalities do not have a duty to keep all sidewalks in perfect condition at all times." *Gillock v. City of Springfield*, 644 N.E.2d 831, 833 (Ill. App. Ct. 1994). Although a municipality has a duty to keep its property in a reasonably safe condition, it has no duty to repair *de minimis* defects in its sidewalks, because the economic burden would be too great. *Id.* Illinois court have extended the *de minimis* rule to apply to private owners and possessors of land as well. *See St. Martin v. First Hosp. Grp., Inc.*, 9 N.E.3d 1221, 1225 (Ill. App. Ct. 2014).

The *de minimis* rule generally has been applied to height variances between sidewalk slabs. "[I]t is well established that, absent any aggravating factors, a vertical displacement of less than two inches is *de minimis*." *Id.* (listing cases). The *de minimis* rule makes sense for sidewalks. To require landowners to monitor and

5

maintain sidewalks perfectly at all times would be harsh and impractical, particularly given the extreme and various weather conditions in Illinois and the fact that sidewalks are constructed in slabs specifically so that they can expand and contract with changes in temperature. *Id.* at 1226. Further, imperfections in sidewalks can be avoided by pedestrians relatively easily. *Id.* For these reasons, slight variations in sidewalk elevations are to be expected and are not actionable. *Id.*

But the *de minimis* rule does not apply to every minor defect. Instead, courts have held that where there are "aggravating circumstances," such as where the area is a busy commercial district or where the location of the defect is outside the entry of a commercial establishment, those aggravating circumstances may preclude the entry of summary judgment. *Id.* Courts also have found that areas that are partially enclosed and not fully exposed to the weather are not as easily shielded by the *de minimis* rule. *Id.* at 1227.

Here, Omni focuses its motion on the height differential between the pavers, arguing that because the paver on which Plaintiff fell was raised no more than 1 ½ inches, the defect was *de minimis* and not actionable. But Plaintiff's issue with the paver is not its height. Rather, Plaintiff contends that the paver was uneven and that it tilted or lifted when she stepped on it, causing her to fall. This fact makes pavers unlike sidewalks. Sidewalks do not tilt or rock so as to cause individuals to lose balance. Plaintiff testified that she could not tell that the paver was out of its slot or loose. According to Omni, the paver looked like every other paver, and Plaintiff would not have known that it would tilt or lift, and thus it could not have been as easily

6

avoided as a raised sidewalk. Finally, the sundeck terrace was in a hotel, presumably with easy access to a bar, where patrons are likely to be drinking or holding various objects as they walk across the terrace to relax or meet friends. In fact, Plaintiff testified she was carrying "two glasses of water and maybe a towel" as she walked to meet her daughter and other family members on the terrace. R. 24-2 at 70:4-12. These facts preclude summary judgment. *See Harris v. Old Kent Bank*, 735 N.E.2d 758, 764 (Ill. App. Ct. 2000) (aggravating circumstances precluded summary judgment where "a patron exiting the premises might be reviewing the receipts of her transactions, looking for her car keys, or looking toward her car and, therefore, would not discover the sidewalk defect").

The Court also notes that the burden of repairing the alleged defect would not have been great. Omni explains that engineering checked the sundeck after each winter season, and that if pavers had to be replaced, engineering would have taken steps to ensure the replaced pavers were relatively level. *See* R. 43 at 38:17-21, 40:3-6.[2] Likewise, the building engineer confirmed that maintenance and inspection is routinely completed of the pavers, which includes removing and replacing certain

---

[2] Omni did not include these facts in its own statement of facts or in reply to Plaintiff's statement of facts, but rather cited them only in its reply brief. *See* R. 48 at 3-4. The Court considers them nonetheless in response to Plaintiff's Additional Fact ¶ 10 but notes that other courts may not be as lenient. *See Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("[b]ecause of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings"); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) ("[w]e have repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions").

7

pavers after the accumulation of snow so that the roof drains properly. *See* R. 45 at 10:1-13. These facts indicate that Omni regularly releveled the pavers, and that the burden of doing so here would not have been great. For these reasons, the Court cannot find as a matter of law that Omni did not have a duty to repair the pavers based on the *de minimis* exception.

### B. Breach of the Duty of Care: Constructive Notice

Omni next argues that Plaintiff cannot succeed on her claim because she cannot show that Omni had actual or constructive notice of the alleged defect. If, like here,[3] the landowner did not create the condition at issue, the plaintiff must establish that the landowner knew or should have known of the defect to establish a breach of the duty of care. *See Tomczak v. Planetsphere, Inc.,* 735 N.E.2d 662, 666 (Ill. App. Ct. 2000); *Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 123 (7th Cir. 1988) (applying Illinois law). There is no dispute that Omni did not have actual knowledge of the condition. But Plaintiff argues that there is a question of fact as to whether Omni had constructive knowledge of the condition. Constructive notice of a dangerous condition can be established under two alternative theories: "(1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care, or (2) the dangerous condition was part of a pattern of conduct or a recurring incident." *See Albert v. Bank of Am., N.A.,* 2016 WL 542151, at *5-6 (N.D. Ill. Feb. 9, 2016).

---

[3] Plaintiff does not argue that Omni had any role in creating the alleged defect.

8

There is no evidence in the record either that the alleged defect existed for a sufficient amount of time so that it would have been discovered using ordinary care, or that it was part of a pattern of conduct or a recurring incident. Instead, the evidence shows that despite frequent use by hotel guests and walkthroughs by hotel employees, no reports were made of tilted or uneven pavers or pavers that posed a danger to visitors. The only evidence that may indicate a problem with the pavers is the testimony by the Omni employee that at some point in time, he had addressed an unknown situation in which the pavers on the terrace were uneven. R. 43 at 35:7-16. But that testimony alone is not enough to indicate a pattern of dangerous conduct that Omni failed to remedy within a reasonable period of time. And other evidence suggests that employees repositioned the pavers after they moved them for routine maintenance on the rooftop—reasons unrelated to the alleged defect and which do not indicate an unreasonable failure to remedy. *See id.* at 39:4-40:6. At best, the testimony indicates Omni employees have repositioned pavers in the past for a condition that may or may not have resembled the issue here, but it does not create a genuine issue of material fact that Omni had constructive knowledge of the alleged defect.

Illinois law does not impose an absolute duty upon property owners to ensure the safety of its residents. *See Nichols v. Lowe's Home Center, Inc.*, 407 F. Supp. 2d 979, 981 (S.D. Ill. 2006) (stating the "[t]he defendant is not required to . . . make his premises injury-proof"). Rather, the law imposes a duty of reasonable care upon property owners to remedy dangerous situations of which they knew or should have

9

known. No reasonable jury could find that Omni breached its duty of care to Plaintiff with respect to the paver.

**CONCLUSION**

For the foregoing reasons, the Court grants Defendant Omni Hotels Management Corporation's motion for summary judgment, R. 24.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 3, 2018